IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEGGY SAENZ, individually and as personal
representative over the Estate of Peggy D. Saenz,
deceased,

      Plaintiff,

vs.                                                                                                                 No. CIV 14-1005 JB/SMV

LOVINGTON MUNICIPAL SCHOOL
DISTRICT; BOARD OF EDUCATION;
DARIN MANES, Superintendent, CHRIS
BRATTAIN, High School Principal, in their
individual and official capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Opposed Motion to Stay Discovery Pending a Decision on Qualified Immunity and Memorandum in Support Thereof, filed January 12, 2015 (Doc. 9)("Motion"). The Court held a hearing on February 25, 2015. The primary issue is whether the Court should stay discovery until it resolves the Defendant's Motion to Dismiss and for Qualified Immunity, filed January 12, 2015 (Doc. 8)("MTD"). Because the Defendants raise the issue of qualified immunity in the MTD, and because discovery does not appear essential to deciding the MTD, the Court will grant the Motion.

## PROCEDURAL BACKGROUND

The case arises out of the death of a seventeen-year-old high-school student who was thrown from a vehicle that was traveling in the Lovington Municipal School District's parking lot. See Complaint for Damages, filed November 5, 2014 ¶ 3, at 2 (Doc. 1); id. ¶ 17, at 4. On November 5, 2014, Plaintiff Peggy Saenz filed suit, alleging a number of claims, including

wrongful death, negligence, substantive due-process violations, and deliberate indifference in training and supervision.  See Complaint ¶¶ 23-45, at 5-11.

On January 12, 2015, the Defendants moved to dismiss the Complaint for failure to state a claim.  See MTD at 1.  The Defendants argue, among other things, that Defendants Darin Manes and Chris Brattain are entitled to qualified immunity.  See MTD at 12-13.  Also on January 12, 2015, the Defendants filed the Motion, requesting the Court to stay discovery until the Court resolves the MTD.  See Motion at 1.  The Defendants argue that, because they have raised the defense of qualified immunity, they are entitled to a decision on the qualified immunity issue before assuming the burdens of discovery.  See Motion at 1.  They maintain that, because qualified immunity allows a public official to avoid the burdens of discovery and litigation, see Motion at 2 (citing Gallegos v. City & Cnty. of Denver, 984 F.2d 358, 361 (10th Cir. 1993)), once a motion to dismiss is filed that raises the issue of qualified immunity, the Court should stay all discovery until the immunity issue is resolved, see Motion at 2 (citing Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992)).  The Defendants contend that staying discovery is consistent with the Civil Justice Reform Act, 28 U.S.C. § 471 ("CJRA"), because the CJRA is designed to reduce litigation costs and expedite case disposition, and allowing the Court to rule on the dispositive MTD before imposing discovery would further each goal.  See Motion at 2.

Saenz responded to the Motion on February 2, 2015.  See Plaintiffs Answer to Opposed Motion to Stay Discovery Pending a Decision on Qualified Immunity, filed February 2, 2015 (Doc. 12)("Response").  She contends that the Court should not stay discovery.  See Response ¶ 1, at 1.  Saenz argues that Manes', Brattain's, and the Lovington School District personnel's knowledge is paramount to the Court's resolution of the MTD, and that Manes and Brattain will

be Saenz' main witnesses to prove the Defendants' liability.  See Response ¶¶ 2-4, at 1-2.  Saenz maintains that discovery is necessary to show that a dangerous condition existed on Lovington School District's property and that the Defendants "are not entitled to qualified immunity because of the knowledge by them of the school district's maintenance of school grounds."  Response ¶¶ 5-6, at 2.  She contends that Manes and Brattain told the media that they had knowledge of the parking lot's dangerous condition.  See Response ¶ 7, at 2.  Saenz argues that she cannot respond to the MTD "without first having discovery in the way of admissions, requests for answers to interrogatories, depositions, and requests for production of documents."  Response ¶ 8-9, at 2-3.  Saenz requests "[l]eave for Discovery to include written questions, requests for admissions, requests for production, and personal depositions of" Manes and Brattain before having to respond to the MTD, and that she not be required to respond to the MTD until after discovery.  Response ¶¶ 1-2, at 3.

The Defendants replied on February 19, 2015.  See Defendants' Reply Brief in Support of Defendants' Opposed Motion to Stay Discovery Pending a Decision on Qualified Immunity, filed February 19, 2015 (Doc. 15)("Reply").  The Defendants argue that the Court should resolve the issues of qualified immunity at the earliest possible stage in litigation and that the preferred practice is to move to dismiss based on qualified immunity before discovery to avoid unnecessary exposure to the burdens of discovery.  See Reply at 2 (citing Pearson v. Callahan, 555 U.S. 223, 232 (2009); Herrera v. Santa Fe Public Schs., No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *5 (D.N.M. Dec. 20, 2012)(Browning, J.)).  The Defendants contend that Saenz' only argument for permitting discovery is that discovery will reveal the Defendants' knowledge that the Lovington School District's parking lot was dangerous, but they maintain that this justification is insufficient to stay discovery while a dispositive motion that raises

qualified immunity is pending.  See Reply at 2.  The Defendants assert that limited discovery under rule 56(d) of the Federal Rules of Civil Procedure is not proper in this case, because the MTD is not a motion for summary judgment.  See Reply at 2.

The Defendants maintain that permitting discovery to allow Saenz to respond to the MTD is contrary to rule 12(b)(6) of the Federal Rules of Civil Procedure's standard, which accepts all allegations in the Complaint as true.  See Reply at 2-3 (citing Albers v. Bd. of Cnty. Comm'rs, 771 F.3d 697, 700 (10th Cir. 2014)).  They argue that the important issues that the Court must decide in the MTD are: (i) whether the Defendants violated a constitutional right; and (ii) whether that right was clearly established at the time; and that Saenz did not address either of these issues in her Response.  See Reply at 3.  The Defendants contend that a creation-of-danger theory -- like the one Saenz alleges in the Complaint -- has six elements, and that they are not challenging whether Manes and Brattain had knowledge in the MTD, because the Complaint alleges that they had knowledge.  See Reply at 3-4.  The Defendants maintain that, in the MTD, they contend that Saenz failed to allege in the Complaint "that Manes and Brattain acted recklessly in conscious disregard of that risk of that their conduct shocked the conscience." Reply at 4.

The Court held a hearing on February 25, 2015.  See Transcript of Hearing (taken February 25, 2015)("Tr.").[1]  At the beginning of the hearing, the Court informed the parties that it allows discovery in some 42 U.S.C. § 1983 cases, but that it is cognizant of the United States Court of Appeals for the Tenth Circuit's and the Supreme Court of the United States' protections against discovery when a defendant raises qualified immunity.  See Tr. at 2:22-3:2 (Court).  The Court noted that it allows some discovery that is equivalent to a "laser shot that you go in and

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final version may contain slightly different page and/or line numbers.

you say if this person testifies this way, there is not going to be any qualified immunity and if they testify this way, there is probably going to be qualified immunity." Tr. at 3:4-8 (Court). The Court stated, however, that the Defendants appear to have conceded for the MTD that Manes and Brattain knew about the parking lot's dangers, making discovery on that issue unnecessary. See Tr. at 3:10-20 (Court).

The Defendants repeated their arguments from the briefing that, because the MTD raises qualified immunity, they are entitled to a stay. See Tr. at 4:11-16 (Burnette). They asserted that, in ruling on the MTD, the Court should take the allegations in the pleadings as true, and that, unlike a motion for summary judgment, the Court should consider only the pleadings and not outside evidence. See Tr. at 4:21-5:15 (Burnette). The Defendants contend that, while additional discovery may be appropriate under rule 56(d) when opposing a summary judgment motion, the MTD is a motion to dismiss and that the Tenth Circuit has held that additional discovery in the face of qualified immunity should not be used as a fishing expedition to prove a party's case. See Tr. at 5:15-25 (Burnette).

Saenz responded by arguing that she has not responded to the MTD, because she cannot respond without knowing Manes' and Brattain's mindset, which is essential to her substantive due-process claim. See Tr. at 6:12-22 (Proctor). She contended that she needs to depose Manes and Brattain to know what their mindset is. See Tr. at 6:22-25 (Proctor). Saenz argued that the Court's previous case of C.H. v. Los Lunas School Board of Education, 852 F. Supp. 2d 1344 (D.N.M. 2012)(Browning, J.), is "pretty right on point." Tr. at 7:23-8:4 (Proctor). Saenz stated that she wanted to take depositions of Manes, Brattain, and a Lovington School District employee, because the Lovington School district was going to issue permits that insured that

every student had a driver's license, but the permits were never instituted and the student who caused the accident did not have a driver's license. See Tr. at 8:14-9:2 (Proctor, Court).

The Defendants replied by arguing that the MTD merely concerns the sufficiency of the pleadings and that no additional discovery will assist Saenz in responding to the MTD. See Tr. at 9:5-19 (Burnette). The Court told the parties that it would attempt to resolve the MTD without allowing discovery, but that, if it determines that it cannot rule on the MTD without first permitting Saenz to conduct discovery, it may allow some discovery. See Tr. at 9:20-10:9 (Court).

## LAW REGARDING QUALIFIED IMMUNITY

Qualified immunity recognizes the "need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982). "Qualified immunity protects federal and state officials from liability for discretionary functions, and from 'the unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit.'" Roybal v. City of Albuquerque, No. CIV 08-0181, 2009 WL 1329834, at *10 (D.N.M. Apr. 28, 2009)(Browning, J.)(quoting Siegert v. Gilley, 500 U.S. 226, 232 (1991)). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Issues of qualified immunity are best resolved at the "earliest possible stage in litigation." Pearson v. Callahan, 555 U.S. at 232 (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991)).

Qualified immunity shields government officials from liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. at 231 (quoting Harlow v. Fitzgerald, 457

U.S. 818).  When a defendant asserts qualified immunity at the summary-judgment stage, the responsibility shifts to the plaintiff to meet a "heavy two-part burden."  Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001).  The plaintiff must demonstrate on the facts alleged that: (i) the defendant's actions violated his or her constitutional or statutory rights; and (ii) the right was clearly established at the time of the alleged unlawful activity.  See Riggins v. Goodman, 572 F.3d 1101, 1107 (10th Cir. 2009).

In evaluating whether the right was clearly established, the court considers whether the right was sufficiently clear that a reasonable government employee in the defendant's shoes would understand that what he did violated that right.  See Casey v. W. Las Vegas Indep. Sch. Dist., 473 F.3d 1323, 1327 (10th Cir. 2007).  In determining whether the plaintiff has met his or her burden, the court construes the facts in the light most favorable to the plaintiff as the non-moving party.  See Scott v. Harris, 550 U.S. 372, 378 (2007).  A clearly established right is generally defined as a right so thoroughly developed and consistently recognized under the law of the jurisdiction as to be "indisputable" and "unquestioned."  Zweibon v. Mitchell, 720 F.2d 162, 172-73 (D.C. Cir. 1983).  "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains."  Currier v. Doran, 242 F.3d 905, 923 (10th Cir. 2001).  On the other hand, the Supreme Court has observed that it is generally not necessary to find a controlling decision declaring the "very action in question . . . unlawful."  Anderson v. Creighton, 483 U.S. 635, 640 (1987).  "In determining whether the right was 'clearly established,' the court assesses the objective legal reasonableness of the action at the time of the alleged violation and asks whether 'the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing

violates that right.'" Holland ex rel. Overdorff v. Harrington, 268 F.3d 1179, 1186 (10th Cir. 2001)(quoting Saucier v. Katz, 533 U.S. 194, 202 (2001)).

The Supreme Court recently revisited the proper procedure for lower courts to evaluate a qualified-immunity defense. In Pearson v. Callahan, the Supreme Court held that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." 555 U.S. at 236. The Supreme Court also noted in Pearson v. Callahan that, while no longer mandatory, the protocol outlined in Saucier v. Katz would often be beneficial. See 555 U.S. at 241. Once the plaintiff has established the inference that the defendant's conduct violated a clearly established constitutional right, a qualified immunity defense generally fails. See Cannon v. City & Cnty. of Denver, 998 F.2d 867, 870-71 (10th Cir. 1993).

The Supreme Court has suggested that, to avoid unnecessary exposure to burdensome discovery, the preferred practice is for the government officials to move to dismiss the action based on qualified immunity before discovery is ordered. See Crawford-El v. Britton 523 U.S. 574, 598 (1998). There are, however, exceptions to the rule that no discovery be allowed when government officials claim qualified immunity. The officials are not protected from all discovery, "'but only from discovery which is either avoidable or overly broad.'" Garrett v. Stratman, 254 F.3d 946, 953 (10th Cir. 2001)(quoting Maxey v. Fulton, 890 F.2d 279, 282 (10th Cir. 1989)). In Todd v. Montoya, No. CIV 10-0106 JB/KBM, 2011 WL 5238900 (D.N.M. Oct. 4, 2011)(Browning, J.), the Court granted in part and denied in part motions to stay discovery, allowing the plaintiff to take the deposition of one of two inmates that beat him up in prison, the conduct underlying his case. See 2011 WL 5238900, at *5. The plaintiff brought a 42 U.S.C.

§ 1983 claim, based on the theory that one of the prison guards retaliated against the plaintiff for an argument the two of them had by allowing two inmates to view the plaintiff's offenses on a computer screen, and that the two inmates subsequently beat up the plaintiff based on the offenses that they saw.  See  2011 WL 5238900, at *1.  The defendant prison guard filed his summary judgment motion a year and two months after the plaintiff filed the complaint.  See 2011 WL 5238900, at *1.  The Court limited the stay to allow the inmate's deposition, because the plaintiff's theory hinged upon the prison guard showing the inmates the computer screen, or telling them of the plaintiff's offenses, and the defendant denied ever doing either action.  See 2011 WL 5238900, at *4.  The Court allowed the deposition to go forward, because it could be determinative of the case going forward, and did not burden any government employees or entities:

> This testimony is possib[ly] determinative of [the Plaintiff]'s case, and this limited amount of discovery is narrowly crafted to get to the heart of the motion for summary judgment without allowing a lot of potentially unnecessary discovery.  [The Defendant] has said he did not show [the inmate witness] or [the other inmate] his computer screen, or tell them [the plaintiff]'s crimes; if [the inmate witness] says otherwise, there will likely be a genuine issue of fact requiring the Court to deny the motions and allow the parties to proceed to trial. It seems fundamentally unfair to dismiss [the plaintiff]'s case when a deposition of [the inmate witness] may make his case.  Further, this deposition will not burden any government employees or entities.  Accordingly, the Court finds that this limited discovery falls within the exceptions to disallowing discovery once the defense of qualified immunity has been raised.  See Garrett v. [Stratmen], 254 F.3d at 953 (recognizing that a discovery order in the context of qualified immunity is not immediately appealable "when the defendant's immunity claim turns at least partially on a factual question; when the district court is unable to rule on the immunity defense without further clarification of the facts; and which are narrowly tailored to uncover only those facts needed to rule on the immunity claim are neither avoidable or overly broad.").

2011 WL 5238900, at *5.

In B.T. v. Davis, 557 F. Supp. 2d 1262 (D.N.M. 2007)(Browning, J.), however, the Court denied the plaintiff's request to be permitted more discovery after the defendant raised the

qualified immunity defense.  See 557 F. Supp. 2d at 1287.  The Court refused to allow the plaintiff to depose witnesses that the plaintiff alleged would evidence the defendants' knowledge of their alleged violation of the plaintiff's constitutional rights, because the defendant's depositions would not have affected the Court's conclusion that "the law regarding [the plaintiff]'s claims was not clearly established and that a reasonable person in the Defendants' position could have believed that their actions were lawful."  557 F. Supp. 2d at 1287.

In Herrera v. Santa Fe Public Schools, the Court granted a motion to stay discovery pending its disposition of a summary judgment motion based on qualified immunity.  See 2012 WL 6846393, at *1.  In that case, students at a public high school in Santa Fe, New Mexico, sued school officials, challenging on constitutional grounds a search that the officials had authorized and conducted at a school prom.  See 2012 WL 6846393, at *1-3.  Eighteen months after the plaintiffs filed their complaint, one defendant, the school principal, moved for summary judgment on the basis of qualified immunity; shortly thereafter, all defendants moved for a stay pending the Court's qualified immunity decision.  See 2012 WL 6846393, at *1-2.  The Court granted a stay of discovery: the Court explained that, although much discovery had already taken place -- including a deposition of the school principal -- qualified immunity still entitled her to protection from the burdens of suit.  See 2012 WL 6846393, at *7 ("If qualified immunity is to mean anything, it must mean that public employees who are just doing their jobs are generally immune from suit." (alteration and internal quotation marks omitted)(quoting Lewis v. Tripp, 604 F.3d 1221, 1230 (10th Cir. 2010)).  The Court also denied the plaintiffs' request to depose the person who wrote the code of conduct governing searches at school events, explaining that the plaintiffs had not proven that the deposition was necessary to the Court's qualified immunity decision.  See Herrera v. Santa Fe Pub. Schs., 2012 WL 6846393, at *1, *8-9.

Over the Plaintiffs' opposition, the Court also stayed the case as to the other defendants. See 2012 WL 6846393, at *10.  The Court explained that it was

> not unsympathetic to the Plaintiffs' arguments.  There is a lot of fiction involved in the policies and the rhetoric used to support qualified immunity.  In modern litigation, attorneys do most of the work for litigation, and public officials often do not know that discovery and depositions are taking place -- except as to them -- until settlement negotiations or trial is near.  Public officials rarely go to depositions or, in the Court's experience, hearings.  Nevertheless, the law is well established that discovery should be stayed until the Court decides the qualified immunity issue. . . .  The Court cannot, without overriding the policies underlying the stay, say the case is stayed to [the school principal], but not anyone else.  In few cases does an attorney feel comfortable not going to deposition in the case in which the attorney's client is involved.  Also, a partial stay could drag the Court into endless disputes about to whom the discovery stay applies.  The policy underlying a discovery stay does not only protect the public official from being personally subjected to the burdens of litigation, but it protects the public official from the attendant burdens.  In Harlow v. Fitzgerald, the Supreme Court noted that the protection afforded by the discovery stay protects not only the public official being sued from being personally subjected to the burdens of the lawsuit, but also protects against broad-ranging discovery about the defendant that can result from judicial inquiry into a public official's subjective motivation for making the decision for which the official is being sued.  See 457 U.S. at 817 ("Judicial inquiry into subjective motivation [when a public official is sued] [ ] may entail broad-ranging discovery and the deposing of numerous persons, including an official's professional colleagues. Inquiries of this kind can be peculiarly disruptive of effective government.").  The policies that underlie a discovery stay therefore do not support a partial stay only as to discovery directed against [the school principal].

Herrera v. Santa Fe Pub. Schs., 2012 WL 6846393, at *10 (alterations in original).

## **LAW REGARDING RULE 12(b)(6)**

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).  The sufficiency of a complaint is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light

most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citation omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a

reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted). The Tenth Circuit stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(citations omitted)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

Although affirmative defenses must generally be pled in the defendant's answer, not argued on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions where: (i) the defendant asserts an immunity defense -- the courts handle these cases differently than other motions to dismiss, see Glover v. Gartman, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M. 2012)(Browning, J.)(citing Pearson v. Callahan, 555 U.S. at 223; Robbins v. Oklahoma, 519 F.3d at 1242); and (ii) where the facts establishing the affirmative defense are apparent on the face of the complaint, see Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule."). The defense of limitations is the affirmative defense that is most likely to be established by the uncontroverted facts in the complaint. See 5 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure: Civil § 1277, at 643 (3d ed. 2004). If the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6). See Rohner v. Union Pac. R.R. Co., 225 F.2d 272, 273-75 (10th Cir. 1955); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945); Andrew v. Schlumberger

Tech. Co., 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.). The plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute; the Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or may be merely argued in response to the motion. Cf. Kincheloe v. Farmer, 214 F.2d 604 (7th Cir. 1954)(holding that, once a plaintiff has pled facts in the complaint indicating that the statute of limitations is a complete or partial bar to an action, it is incumbent upon the plaintiff to plead, either in the complaint or in amendments to it, facts establishing an exception to the affirmative defense). It appears, from case law in several circuits, that the plaintiff may avoid this problem altogether -- at least at the motion-to-dismiss stage -- by simply refraining from pleading specific or identifiable dates, see Goodman v. Praxair, Inc., 494 F.3d 458, 465-66 (4th Cir. 2007); Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006); Harris v. New York, 186 F.3d 243, 251 (2d Cir. 1999); Honeycutt v. Mitchell, No. CIV 08-0140 W, 2008 WL 3833472 (W.D. Okla. Aug. 15, 2008)(West, J.), and, although the Tenth Circuit has not squarely addressed this practice, the Court has permitted it, see Anderson Living Trust v. WPX Energy Prod., LLC, No. CIV 12-0040 JB/KBM, 2014 WL 2750652, at *17, *37-39 (D.N.M. May 16, 2014)(Browning, J.).

## LAW REGARDING STAYING DISCOVERY

A court has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding. See Clinton v. Jones, 520 U.S. 681, 706 (1997)("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for

> the exercise of judgment, which must weigh competing interests and maintain an even balance.

Landis v. N. Am. Co., 299 U.S. at 254-55. Recognizing that district courts must exercise moderation in issuing stays, the Supreme Court has noted that there are no strict rules for the district court to apply, because "[s]uch a formula . . . is too mechanical and narrow." Landis v. N. Am. Co., 299 U.S. at 255.

The party seeking a stay generally faces a difficult burden. See Clinton v. Jones, 520 U.S. at 708 ("The proponent of a stay bears the burden of establishing its need."); S2 Automation LLC v. Micron Tech., Inc., No. CIV 11-0884 JB/WDS, 2012 WL 3150412, at *2 (D.N.M. July 23, 2012)(Browning, J.)(citing Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d 1477, 1484 (10th Cir. 1983)). "In particular, where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others." Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d at 1484. "The underlying principle clearly is that 'the right to proceed in court should not be denied except under the most extreme circumstances.'" Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d at 1484 (alterations omitted)(quoting Klein v. Adams & Peck, 436 F.2d 337, 339 (2d Cir. 1971)).

The Tenth Circuit has acknowledged a district court's discretion in issuing discovery stays. In Cole v. Ruidoso Municipal Schools, 43 F.3d 1373 (10th Cir. 1994), the defendants argued "that they had an absolute right to a stay of discovery" after they filed a motion for qualified immunity and appealed to the Tenth Circuit because the district court imposed conditions on the stay. 43 F.3d at 1386. The Tenth Circuit rebuffed the strict rules that the defendants suggested:

> As a general rule, discovery rulings are within the broad discretion of the trial court. The trial court's decision on discovery matters will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.

Cole v. Ruidoso Mun. Sch., 43 F.3d at 1386 (citations omitted)(internal quotation marks omitted).

Whether to issue a discovery stay depends greatly on the facts and progress in each case. In S2 Automation LLC v. Micron Technology, Inc., the Court granted in part and denied in part a motion to stay discovery, to extend pretrial deadlines, to vacate the trial setting, and to issue a protective order. See 2012 WL 3150412, at *1. The Court denied the motion to the extent it requested a discovery stay, because, "[u]ltimately, a stay is unnecessary." 2012 WL 3150412, at *3. The parties had made "significant progress on the disputed matters," and the Court had "issued rulings on many of the motions that Micron Technology contended needed to be resolved before the case proceeded." 2012 WL 3150412, at *3. Instead of granting the discovery stay, the Court extended deadlines that it had previously set in the case based on the case's increasing complexity. See 2012 WL 3150412, at *3. In Walker v. THI of New Mexico at Hobbs Center, No. CIV 09-0060 JB/KBM, 2011 WL 2728326 (D.N.M. June 28, 2011)(Browning, J.), the Court evaluated whether to stay deposition discovery until thirty days after it ruled on the motions to dismiss two of the defendants, which would determine whether those defendants would remain in the suit and participate in discovery. See 2011 WL 2728326, at *1. The plaintiffs argued that the Court had already extended discovery deadlines and that issuing a stay would require rescheduling deadlines. See 2011 WL 2728326, at *1. The Court denied the motion to stay, because it did "not see a benefit to staying discovery." The Court noted that counsel for the two defendants who were subject to the motions to dismiss had already indicated that they would not

participate in deposition discovery. See 2011 WL 2728326, at *2. The Court stated: "There is thus no benefit to staying deposition discovery, and staying deposition discovery would further delay the case." 2011 WL 2728326, at *2.

## ANALYSIS

The Court will grant the Motion. Ordinarily, once a defendant files a motion to dismiss that raises qualified immunity, the Court should stay discovery. See Mitchell v. Forsyth, 472 U.S. at 526 ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."). However, "qualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." Garrett v. Stratman, 254 F.3d at 953 (alterations omitted)(internal quotation marks omitted)(quoting Maxey v. Fulton, 890 F.2d at 282). "Thus, where the claim turns at least partially on a factual question for which the district court needs more facts to answer, courts should allow discovery, but limit the discovery to allow the plaintiff to uncover only the necessary facts to decide the immunity claim." Herrera v. Santa Fe Pub. Sch., 2012 WL 6846393, at *8. Here, there is no additional discovery that could assist the Court in resolving a factual question in the MTD.

First, the MTD is a motion to dismiss and not a motion for summary judgment. The Court is thus limited to the allegations in the Complaint, and the Court will consider all factual allegations as true. Additional discovery would not assist Saenz in responding to the MTD, because the Court would not consider additional discovery. Rather, the only use that discovery could provide in responding to the MTD would be to allow Saenz to more fully understand her claims and then amend the Complaint. This use is not an appropriate use of discovery in response to a qualified immunity defense. "Once the qualified immunity defense has been

raised, the Court must not let a plaintiff use discovery as a fishing expedition to flesh out the merits of his claim." B.T. Davis, 557 F. Supp. 2d 1262, 1286 (D.N.M. 2007) (Browning, J.)(citing Sawyer v. Cnty. of Creek, 908 F.2d 663, 668 (10th Cir. 1990), overruled on other grounds by Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993)). Because additional evidence would not assist the Saenz in responding to the MTD, staying discovery is appropriate.

Second, the Defendants have already conceded, for MTD purposes, that Manes and Brattain knew about the parking lot's dangerous condition. See Reply at 3-4. Saenz primary argument for denying the Motion is that she needs discovery to prove Manes' and Brattain's knowledge. See Response ¶¶ 5-6, at 2; Tr. at 6:12-22 (Proctor). Saenz is requesting discovery to prove an element that the Defendants have conceded. Because the Defendants have conceded the knowledge element for the MTD, discovery is unnecessary. See Garrett v. Stratman, 254 F.3d at 953 (noting that qualified immunity shields government officials "from discovery which is either avoidable or overly broad" (quoting Maxey v. Fulton, 890 F.2d at 282)).

Third, even if the Court were inclined to permit discovery, Saenz' request is too broad. If additional discovery is necessary to resolve a dispositive motion that raises qualified immunity issues, the Court may allow the additional discovery. In heeding the Tenth Circuit's warning that such discovery cannot be too broad, however, the Court limits parties' discovery to a narrow issue or request. For instance, the Court may grant a request that a party depose a witness to ask specified questions, that the party respond to a single interrogatory, or that a party produce a specified document. Saenz, however, has not made such a rifle-shot discovery request. Saenz has requested discovery in the form "of admissions, requests for answers to interrogatories, depositions, and requests for production of documents." Response ¶ 8-9, at 2-3. In sum, Saenz

wants unlimited discovery. At the hearing, Saenz stated that she wanted to take depositions from at least three individuals without specifying the questions that she would ask, outside of stating that she wants to determine their "mindset" and wants to ask about Lovington School District's decision to not require certain permits. Tr. at 6:22-25 (Proctor); id. at 8:14-9:2 (Proctor, Court). This request is too broad. Even if the Court were inclined to permit some discovery -- which it is not -- it would deny Saenz' request. Accordingly, a stay is appropriate, and the Court will not permit Saenz to conduct discovery until after the Court resolves the MTD.

      **IT IS ORDERED** that the Defendants' Opposed Motion to Stay Discovery Pending a Decision on Qualified Immunity and Memorandum in Support Thereof, filed January 12, 2015 (Doc. 9), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Max Houston Proctor
Hobbs, New Mexico

--and--

Dick A. Blenden
Blenden Law Firm, P.A.
Carlsbad, New Mexico

    *Attorneys for the Plaintiff*

Elizabeth L. German
Ethan D. Watson
Jason Michael Burnette
Shayne Huffman
German & Associates, LLC
Albuquerque, New Mexico

    *Attorneys for the Defendants*